*1210 OPINION.
Lansdon :
In this appeal the only question to be determined by the Board is whether the facts as stipulated entitled the taxpayer to exemption from the payment of income taxes under the provisions of section 231 (6) of the Revenue Act of 1918, which is as follows:
Sec. 231. That the following organizations shall be exempt from taxation under this title— * * *
(6) Corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual. * * *
The leading decided case covering the sole issue involved in this appeal is Trinidad v. Sagrada Orden de Predicadores, 263 U. S. 578, which is cited by the taxpayer in support of its contention. To our minds there is a clear distinction between the facts of the cited case and of the instant appeal. Sagrada Orden de Predicadores is a religious corporation that devotes all its income to the purposes for which it was established. It sells only inconsiderable quantities of its products and makes such sales only to persons or institutions within its own organization. In discussing this phase of the business of that corporation, the court said:
*1211 As respects the transactions in wine, chocolate and other articles, we think they do not amount to engaging in trade in any proper sense of the term. It is not claimed that there is any selling to the public or in competition with others. The articles are merely bought and supplied for use within the plaintiffs own organization and agencies, — some of them for strictly religious use and the others for uses which are purely incidental to the work which the plaintiff is carrying on. That the transactions yield some profit is in the circumstances a negligible factor. Financial gain is not the end to which they are directed.
The facts in the appeal at bar disclose a situation wholly different from that so clearly set forth in the quoted excerpt from the cited decision. Here we have a corporation operating nearly 10,000 acres of farm lands and from such operations producing a volume of agricultural products far in excess of the needs of its members. Some of the surplus production is sold as raw materials; some is converted into finished products and sold in that form. All sales are to the general public at prevailing prices. The taxpayer also operates a ferryboat, a machine shop, and a carpenter shop for the sale-of services to the public, and realizes a portion of its income in that way. Here are varied activities carried on for profit and in direct competition with other citizens of the Eepublic engaged in similar occupations.
From the sale of its products and services to the public the taxpayer received a gross return in the amount of $96,264.05 for the year involved in this appeal. Statutory deductions reduced the gross income to a net taxable income of $20,843.73. The stipulation discloses the fact that it is the practice of the taxpayer to invest all surplus earnings in additional lands and operating facilities and that none of such income is ever distributed to individuals for their personal use or profit. There is no evidence that any of the funds of the taxpayer have ever been used to spread the doctrines of the Hutterische Bruder Gemeinde beyond the boundaries of the taxpayer’s property or devoted to any service valuable to the general public.
The statutory exemption of religious corporations from the payment of Federal taxes is based on the assumption that all the income of such organizations shall be used for the purposes of their foundation and that the public interests will be served by such uses. This is recognized by the court in the case above cited, which said:
Evidently the exemption is made in recognition of the benefit which the public derives from corporate activities of the class named, and is intended to aid them when not conducted for private gain.
It is difficult to discover any benefit to the public flowing from the activities of this taxpayer. It sells its commodities and services on the open market in direct competition with other producers who are of the general public. It excludes the public from all participation in the results of such sales. While it does not distribute its annual profits to its individual members for their private use, it does hold and invest such profits for their common benefit. The results of these practices are that all members of the taxpayer corporation enjoy a greater degree of security from necessity than would be possible if the profits were distributed to them as individuals.
The members of the taxpayer have elected, as is their right under the laws of the Eepublic, to lead a communistic life. They consti *1212 tute, in effect, a single family with two principal purposes — the one to lead the sort of religious life that is pleasing and acceptable to them; the other to conduct business operations for the twofold purpose of supplying their own simple physical needs and enlarging their communal possessions. Like every other family living within the law, this taxpayer has the protection and security that is its right under the Constitution and statutes of the United States. Public policy requires that it shall contribute its share of the revenues necessary to sustain the Government which protects it in its rights and privileges.
In this appeal the taxpayer claims exemption from provisions of the tax laws that are of general application. The rule in such cases reverses the general rule that all doubts in construing taxing statutes must be resolved strongly in favor of the taxpayer. The Hut-terische Bruder Gemeinde may have been established for religious objects, but it has failed to prove to the satisfaction of the Board that it is operated exclusively for those purposes, and therefore the relief prayed for is denied.